# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARK STREETER,

    Plaintiff,

v.

ARMANI IZADI, ET AL.,

    Defendants.

Case No.: 2:18-cv-02335-RFB-DJA

**ORDER**

Pending before the Court is Plaintiff's Motion to Substitute Attorney (ECF No. 8), filed on January 30, 2020. Plaintiff confirms he wishes to substitute in new counsel of Todd Kennedy for current counsel of Jeffrey Pitegoff. Pursuant to Local Rule ("LR") IA 11-6(c), "A stipulation to substitute attorneys must be signed by the attorneys and the represented client and be approved by the Court." Having reviewed the motion, the Court finds that requirements of LR IA 11-6(c) have been met. The Clerk of the Court shall remove Mr. Pitegoff as counsel for Plaintiff.

Also before the Court is Plaintiff's Motion for Extension of Time for Service (ECF No. 9), filed on January 30, 2020. The Motion requests that Plaintiff be provided with a thirty-day extension of time to serve under Fed.R.Civ.P. 4(m), which expired on April 12, 2019. Rule 4m states:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir.2003). The 120–day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United*

1

*States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir.2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed.R.Civ.P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

New counsel for Plaintiff indicates that it is unknown why prior counsel did not timely move for an extension of time to serve or why service has yet to be effectuated. However, Plaintiff indicates there is no prejudice to Defendants as their purported counsel was contacted to request acceptance of service and there have been some settlement negotiations. Despite the untimely nature of the request, the Court finds that this matter is better served by adjudication on the merits, and the request for thirty days to complete service is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Substitute Attorney (ECF No. 8) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time for Service (ECF No. 9) is **granted**.

**IT IS FURTHER ORDERED** that the time for service under Fed.R.Civ.P. 4(m) is extended to **March 2, 2020** for Plaintiff to effectuate service on Defendants.

Dated: February 3, 2020.

                                              **Daniel J. Albregts**
                                              **United States Magistrate Judge**